IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 07-cv-00088-WYD-BNB

NANCY MARESH,

    Plaintiff,

v.

IRVIN BORENSTEIN,

    Defendant.

# ORDER

I.    <u>INTRODUCTION</u>

THIS MATTER comes before the Court on both the Plaintiff's Motion for Summary Judgment (docket #74), filed January 22, 2008 and the Defendant's Motion for Summary Judgment Pursuant to F.R.C.P. 56(c) (docket #80), filed February 14, 2008.

This case arises under the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* Plaintiff Nancy Maresh alleges that Defendant Irvin Borenstein violated the FDCPA by pursuing collection of a debt that had been extinguished by equity. (Pl.'s Mot. Summ. J. 4-5.) In her motion for summary judgment, the Plaintiff indicates that despite initially bringing nine FDCPA claims in the First Amended Complaint, she intends to proceed on only three of those claims. (Pl.'s Mot. Summ. J. 1.) Accordingly, only three claims are included in the Final Pretrial Order. Therefore, at issue in this Order are the following three alleged violations of the FDCPA: (1) 15 U.S.C.

§ 1692e(2)(A)—making a false representation of the character, amount or legal status of a debt; (2) 15 U.S.C. § 1692e(8)—reporting false credit information; and (3) 15 U.S.C. § 1692e(10)—using false representation or deceptive means to collect a debt. For the reasons stated below, I grant summary judgment in favor of the Defendant on Plaintiff's three remaining claims.

II.   FACTUAL BACKGROUND

The following facts are undisputed.  On or about February 15, 1999, Plaintiff obtained a line of credit from U.S. Bank, N.A.  In June 2004, Plaintiff defaulted on the line of credit.  The account in the amount of $51,453.72 was charged off the bank's records on October 28, 2004.  Plaintiff's account was referred to the Defendant by Phillips &Cohen, a collection agency, to collect on the account for the benefit of U.S. Bank, N.A.

On August 18, 2005, on behalf of U.S. Bank, N.A., Defendant initiated a lawsuit against the Plaintiff in the District Court of Boulder County, Colorado to recover the remaining balance on the account, which was approximately $47,477.67.  On April 21, 2006, Defendant sought summary judgment against the Plaintiff in the state court collection action.  The Boulder County District Court granted the motion holding that the Plaintiff failed to come forth with any evidence in support of her contention that she was not indebted to the bank.  On July 11, 2006, the order for summary judgment was reduced to a final judgment in the principal amount of $47,477.67, prejudgment interest in the amount of $11,984.84 to accrue at the rate of 15.75% per annum, and attorney's fees in the amount of $6,705.00 plus costs.  Plaintiff did not appeal this order.

Defendant then filed a motion to issue a bench warrant citing the Plaintiff's failure to appear at court hearings and her avoidance of service of process as the basis for the motion. The Boulder County District Court granted the motion, and Plaintiff was ultimately arrested and incarcerated after the execution of the bench warrant. On January 15, 2007, Plaintiff initiated the instant action premised upon FDCPA violations.

III.   STANDARD OF REVIEW

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, the court may grant summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the . . . moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Equal Employment Opportunity Comm. v. Horizon/CMS Healthcare Corp., 220 F.3d 1184, 1190 (10th Cir. 2000). "When applying this standard, the court must 'view the evidence and draw all reasonable inferences therefrom in the light most favorable to the party opposing summary judgment.'" Atlantic Richfield Co. v. Farm Credit Bank of Wichita, 226 F.3d 1138, 1148 (10th Cir. 2000) (quotation omitted). All doubts must be resolved in favor of the existence of triable issues of fact. Boren v. Southwestern Bell Tel. Co., 933 F.2d 891, 892 (10th Cir. 1991).

In the Tenth Circuit, evidence considered by the court in ruling on a motion for summary judgment must be evidence that is admissible at trial. "It is well settled in this circuit that we can consider only admissible evidence in reviewing an order granting summary judgment." Gross v. Burggraf Constr. Co., 53 F.3d 1531, 1541 (10th Cir.

1995). "Hearsay testimony cannot be considered because "[a] third party's description of [a witness'] supposed testimony is not suitable grist for the summary judgment mill." *Id.* (internal citations omitted). Further, under Rule 56(e), evidence offered in opposition to a motion for summary judgment must be "'made on personal knowledge . . . set forth such facts as would be admissible in evidence, and . . . show affirmatively that the witness is competent to testify to the matters' set forth therein." *Id.*

IV. ANALYSIS

The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). The FDCPA permits a plaintiff to recover actual and statutory damages for violations of the Act. *Id.* § 1692k. In the instant matter, the Plaintiff alleges that because her debt to U.S. Bank, N.A. was extinguished in October 2004, the Defendant's subsequent collection activity violates the FDCPA.

A. 15 U.S.C. § 1692e(2)(A)

Plaintiff's first claim for relief is brought pursuant to 15 U.S.C. § 1692e(2)(A). Section 1692e(2)(A) of the FDCPA prohibits "the false representation of . . . the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A). Here, the Plaintiff argues that the Defendant violated this section of the FDCPA when he commenced litigation against the Plaintiff to collect on a "non-existent debt." (Pl.'s Mot. Summ. J. 7.) Essentially, Plaintiff argues that U.S. Bank, N.A.'s "charging off" of

Plaintiff's debt under Generally Accepted Accounting Principles ("GAAP") somehow "extinguished" this debt as a matter of law.  In response, the Defendant argues that the Plaintiff erroneously equates a "charge off" of debt to a "discharge" of debt.  Defendant further argues that there is no legal support for Plaintiff's theory that U.S. Bank, N.A.'s "charging off" of Plaintiff's debt extinguished this debt.  I agree with the Defendant and reject Plaintiff's argument.

Recently, this Court ruled on the very issue before me in this matter.  On June 10, 2008, Chief United States District Judge Edward W. Nottingham issued an order rejecting Plaintiff's "extinguishment theory" in a case very similar to the instant matter. *See Dorothy H. Kelly v. Wolpoff & Abramson, L.L.P.*, Case No. 07-cv-00091-EWN-KLM, Docket #64.  In fact, the plaintiff's attorney in *Kelly* is the same attorney who is representing the Plaintiff in this action.  After a careful review of the instant case, it appears that the Plaintiff's attorney is advancing the identical argument in this case that was set forth in *Kelly.*  In his order, Chief Judge Nottingham engaged in a thorough and detailed analysis of both the statutory authority and relevant case law which Plaintiff relies upon in support of her "extinguishment theory."  I find that after carefully reviewing the facts of this case and Chief Judge Nottingham's order, I agree with Chief Judge Nottingham's analysis and adopt his reasoning and incorporate his order by reference in this matter.

Chief Judge Nottingham found that the "extinguishment theory" (the same theory advanced by the Plaintiff in the instant case) is without merit.  Chief Judge Nottingham stated that "[p]laintiff cited no law suggesting that 'charging off' of a bad debt under

accounting principles is equivalent to 'discharging' that debt, and ample case law suggests otherwise." (Chief Judge Nottingham's Order 14-15, Docket #64) (citations omitted).  I find that Plaintiff's mere allusion to U.S. Bank, N.A.'s accounting principles, without more, cannot raise a triable issue of fact as to whether U.S. Bank, N.A.'s act of charging off Plaintiff's delinquent line of credit somehow discharged Plaintiff's debt.  I agree with Chief Judge Nottingham that "Plaintiff's argument amounts to the absurd proposition that . . . [debtors] who are unable to pay their debt need merely stop payment . . . at which point — through the inexorable interplay of accounting and tax reporting requirements — such debts will automatically become taxable income and be extinguished."  (Chief Judge Nottingham's Order 16, Docket #64.)

Based on the foregoing, after viewing all of the evidence in the light most favorable to the Plaintiff, I find that Plaintiff has failed to provide a triable issue of fact as to whether U.S. Bank, N.A.'s "charging off" of her debt extinguished this debt as a matter of law.  Accordingly, summary judgment should be granted in favor of the Defendant as to Plaintiff's FDCPA claim based upon 15 U.S.C. § 1692e(2)(A).[1]

B.	15 U.S.C. § 1692e(8) and 15 U.S.C. § 1692e(10)

Having found that there is no triable issue of fact as to whether Plaintiff's debt was "extinguished" by U.S. Bank, N.A.'s "charging off" of the delinquent line of credit, I find that summary judgment should be granted in favor of the Defendant as to Plaintiff's remaining FDCPA claims.  Plaintiff's claims brought under sections 1692e(8) and

---

[1] In light of my ruling, I need not address Defendant's alternative arguments for summary judgment as set forth in his motion.

1692e(10) of the FDCPA are each based on some variation of the theory that Plaintiff's debt was extinguished as a matter of law.  Accordingly, summary judgment is granted as to Plaintiff's remaining claims.

V.   CONCLUSION

Based on the foregoing, it is

ORDERED that Plaintiff's Motion for Summary Judgment (docket #74), filed January 22, 2008 is **DENIED.**  It is

FURTHER ORDERED that Defendant's Motion for Summary Judgment Pursuant to F.R.C.P. 56(c) (docket #80), filed February 14, 2008 is **GRANTED.**  It is

FURTHER ORDERED that Plaintiff's claims against the Defendant are **DISMISSED WITH PREJUDICE.**  It is

FURTHER ORDERED that both **the final trial preparation conference set for Friday, November 14, 2008 and the 3-day jury trial set for Monday, December 15, 2008 are hereby VACATED**.

Dated:  July 18, 2008

BY THE COURT:

s/ Wiley Y. Daniel  
Wiley Y. Daniel  
U. S. District Judge